UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



------------------------------------------------------------- X

EDWARD PERSON,

                    Plaintiff,

     – against –

RADIO CITY PRODUCTIONS LLC, *et al.*,

                    Defendants.

------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-cv-03556 (AMD) (LB)

**ANN M. DONNELLY**, District Judge.

## INTRODUCTION

The plaintiff filed this action on June 14, 2019, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12112, *et seq.*, by his former employer, Radio City Productions LLC, and individual defendants Mr. Wayne Little and Mrs. Martin-Dee. (ECF No. 1 at 1-3.) On August 15, 2019, Radio City moved to dismiss the plaintiff's complaint. For the reasons that follow, I grant Radio City's motion to dismiss. I also dismiss all claims against individual defendants Mr. Wayne Little and Mrs. Martin-Dee.

## BACKGROUND

The plaintiff alleges four types of discriminatory conduct: (1) termination of his employment, (2) failure to accommodate his disability, (3) unequal terms and conditions of his employment, and (4) retaliation. (ECF No. 1 at 4.) Specifically, the plaintiff claims that the defendants did not afford him accommodations for his "testicular cancer, pain, suffering due to [his] surgery[, and] discomfort," or adjust his hours despite several requests. (*Id.* at 5.) He also
1

maintains that the defendants "retaliated and fired [him] after [he] made them aware of [his] cancer and body's disability[ies]." (*Id.*)

Prior to bringing this lawsuit in federal court, on November 28, 2018 the plaintiff filed a complaint with the New York State Division of Human Rights (the "EEOC complaint").[1] (*See* ECF No. 8-2 at 4-6, 8.) The plaintiff authorized the New York State Division of Human Rights to accept the complaint on behalf of the United States Equal Employment Opportunity Commission. (*Id.* at 4.) In his EEOC complaint, the plaintiff stated that the most recent incidence of discrimination took place on December 4, 2017. (*Id.*)

## STANDARD OF REVIEW

In order to survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Pleadings are to be construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F. 3d 150, 160 (2d Cir. 2010).

---

[1] The plaintiff does not say when he filed a charge with the EEOC. (*See* ECF No. 1 at 6.) However, the plaintiff's EEOC complaint and the New York State Division of Human Rights' Determination and Order, which are incorporated into the complaint by reference and of which this Court may take judicial notice, provide additional details concerning the plaintiff's actions and allegations. *See* Standard of Review, *infra*; *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Frederick v. Jetblue Airways Corp.*, No. 14-CV-7238 (DLI) (RER), 2016 WL 1306535, at *5 (E.D.N.Y. Mar. 31, 2016), *aff'd*, 671 F. App'x 831 (2d Cir. 2016); *Castiblanco v. Am. Airlines, Inc.*, No. 17-CV-5639 (KAM) (RER), 2019 WL 4751880, at *6 (E.D.N.Y. Sept. 29, 2019); *Volpe v. Nassau Cty.*, 915 F. Supp. 2d 284, 291 (E.D.N.Y. 2013).

A *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). "This is especially true when dealing with *pro se* complaints alleging civil rights violations." *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)).

At the motion to dismiss stage, the court "is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) (quoting *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)). The court may also consider any "documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in [the] plaintiff['s] possession or of which [the] plaintiff[] had knowledge and relied on in bringing suit," as long as the plaintiff relied on the "terms and effect of a document in drafting the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

"[C]ourts in this Circuit have routinely taken judicial notice of EEOC determinations without converting 12(b)(6) motions into summary judgment motions." *Frederick v. Jetblue Airways Corp.*, No. 14-CV-7238 (DLI) (RER), 2016 WL 1306535, at *5 (E.D.N.Y. Mar. 31, 2016), *aff'd*, 671 F. App'x 831 (2d Cir. 2016). Courts may also take judicial notice of New York State Division of Human Rights determinations. *See Volpe v. Nassau Cty.*, 915 F. Supp. 2d 284, 291 (E.D.N.Y. 2013) ("The Court notes that in adjudicating this motion, it may take judicial

notice of documents in the public record, which includes records and reports of administrative bodies, *i.e.*, the NYSDHR."). Additionally, "[c]ourts routinely consider EEOC charges in reviewing motions to dismiss federal discrimination claims which must have been timely filed with the EEOC." *Castiblanco v. Am. Airlines, Inc.*, No. 17-CV-5639 (KAM) (RER), 2019 WL 4751880, at *6 (E.D.N.Y. Sept. 29, 2019); *see also Morris v. David Lerner Assocs.*, 680 F. Supp. 2d 430, 436 (E.D.N.Y. 2010) ("Courts have recognized that EEOC charges and right-to-sue letters are public documents that may be considered in a motion to dismiss without converting the action to a motion for summary judgment.") (quoting *Williams v. Thompson*, No. Civ. A. AW–03–2084, 2004 WL 3178072, at *4 n.2 (D.Md. June 10, 2004)).

The Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. The Plaintiff's Claims Against Radio City Are Time-Barred

Prior to bringing a lawsuit under the ADA in federal court, a plaintiff "must file timely administrative charges with the Equal Employment Opportunity Commission." *Hogans v. Dell Magazines/Penny Press*, 372 F. App'x 148, 149 (2d Cir. 2010). A plaintiff must file a charge within 300 days of the alleged discrimination. 42 U.S.C. § 12117(a) (incorporating the procedures set forth in 42 U.S.C. § 2000e-5); *Hogans*, 372 F. App'x at 149; *Castiblanco*, 2019 WL 4751880, at *7. "This statutory requirement is strictly enforced, even against *pro se* litigants." *Zinnamon v. NYC Dep't of Soc. Servs.*, No. 08-CV-5266 (ARR) (LB), 2010 WL 3325264, at *4 (E.D.N.Y. Aug. 18, 2010) (collecting cases).

Equitable tolling is warranted only in "rare and exceptional circumstance[s] . . . in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003), as amended (July 29, 2003) (internal quotations omitted). For tolling to apply, the plaintiff must show that he "diligently pursued" his rights and that "extraordinary circumstances" prevented him from filing timely. *Gindi v. New York City Dep't of Educ.*, 786 F. App'x 280, 282-83 (2d Cir. 2019) (finding that "attempts to contact the EEOC" did not amount to "the extraordinary circumstances necessary to warrant tolling of the time within which to file an actual EEOC complaint").

The plaintiff filed his EEOC complaint on November 26, 2018. (ECF No. 8-2 at 8.) Accordingly, any claims accruing before January 30, 2018 (300 days before November 26, 2018) are time-barred. *See Castiblanco*, 2019 WL 4751880, at *7. In his EEOC complaint, the plaintiff alleges that the most recent incidence of discrimination took place on December 4, 2017, (ECF No. 8-2 at 4), which is more than 300 days before the date on which the plaintiff filed his EEOC complaint. Thus, the plaintiff's claims are time-barred.

The plaintiff does not present an argument for equitable tolling or allege that he pursued his rights diligently but faced extraordinary circumstances. Equitable tolling is not warranted in these circumstances. The plaintiff's claims against Radio City are therefore dismissed as time-barred.

## II. The Plaintiff's Claims Against The Individual Defendants Are Time-Barred

In addition to naming Radio City, the plaintiff names individual defendants Mr. Wayne Little and Mrs. Martin-Dee. (ECF No. 1.) The plaintiff's claims against the individual defendants fail for the same reason that his claims against Radio city fail: the claims are time-barred. Because the plaintiff's complaint fails to state a claim against the individual defendants

on which relief may be granted, this Court *sua sponte* dismisses the claims against the individual defendants. *See* 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons stated above, I grant Radio City's motion to dismiss the claims against it, and I dismiss all claims asserted against individual defendants Mr. Wayne Little and Mrs. Martin-Dee. The plaintiff has not alleged facts that support a timely discrimination claim under the ADA. However, given the plaintiff's *pro se* status, the Court grants the plaintiff leave to file an amended complaint within 30 days of the date of this order. The amended complaint must allege facts sufficient to state a valid and timely claim. If the plaintiff fails to file an amended complaint within 30 days, the complaint will be dismissed and judgment will enter.

**SO ORDERED.**

Dated: Brooklyn, New York
      January 23, 2020

                                                  s/Ann M. Donnelly
                                        _____
                                        ANN M. DONNELLY
                                        United States District Judge