UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
EDWARD PERSON,

                       Plaintiff,

     – against –

RADIO CITY PRODUCTIONS LLC, *et al.*,

                      Defendants.

------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-CV-03556 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

Before the Court is Radio City Productions LLC's motion to dismiss the plaintiff's amended complaint. (ECF No. 21.) For the reasons that follow, the motion is granted. All claims against individual defendants Mr. Wayne Little and Ms. Martin-Dee are also dismissed.

## BACKGROUND

The plaintiff brought this action on June 14, 2019, alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12112, *et seq.*, by his former employer, Radio City Productions LLC ("Radio City"), and individual defendants Mr. Wayne Little and Ms. Martin-Dee. (ECF No. 1.) On August 15, 2019, Radio City moved to dismiss the plaintiff's complaint. (ECF No. 8.) On January 23, 2020, I granted the motion and found that the plaintiff's claims were time-barred, but gave the plaintiff leave to amend his complaint. (ECF No. 14.) On May 13, 2020, the plaintiff filed an amended complaint. (ECF No. 20.)

The plaintif alleges four types of discriminatory conduct: (1) termination of his employment, (2) failure to accommodate his disability, (3) unequal terms and conditions of his employment, and (4) retaliation. (ECF No. 20 at 4.) Specifically, he claims that the defendants did not afford him accommodations for his testicular cancer, disabilities due to "automobile

accidents," and "groin, back [and] neck" disabilities. (*Id.* at 5.) He maintains that the defendants "fir[ed] [him] due to [his] disability," which caused him to suffer. (*Id.*)

The plaintiff alleges that these discriminatory acts occurred "during almost [his] entire employment," from October to December of 2017. (*Id.* at 4.) However, he also claims that the defendants "are still committing these acts against [him]." (*Id.* at 5.)[1] On November 26, 2018, he filed a charge with the Equal Employment Opportunity Commission. (*Id.* at 6.)[2]

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

I construe the pleadings in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). The plaintiff is proceeding *pro se*, so I evaluate his complaint by "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551

---

[1] The plaintiff makes this claim by checking a box in his form complaint. Section C of the complaint lists two options from which the plaintiff may choose: (1) that the defendants are still committing discriminatory acts against him, or (2) that they are not. In his original complaint, the plaintiff checked the box next to the text that states that the defendant(s) "is/are not still committing these acts against [him]." (ECF No. 1 at 5.)

[2] The plaintiff attached the EEOC's Dismissal and Notice of Rights, but not his EEOC charge, to his amended complaint. (*See* ECF No. 20 at 8.) As discussed in my January 23, 2020 order, I may consider the charge. (*See* ECF No. 8 at 3-4 (citing cases).) In any case, it is not necessary to consider the EEOC charge itself to determine when it was filed because the plaintiff states the filing date in his complaint.

2

U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and interpret it to raise the strongest arguments it suggests, especially since it alleges civil rights violations, *see Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008); *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)).

I must dismiss *sua sponte* an *in forma pauperis* action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Prior to bringing a lawsuit under the ADA in federal court, a plaintiff "must file timely administrative charges with the Equal Employment Opportunity Commission." *Hogans v. Dell Magazines/Penny Press*, 372 F. App'x 148, 149 (2d Cir. 2010). A plaintiff must file a charge within 300 days of the alleged discrimination. 42 U.S.C. § 12117(a) (incorporating the procedures set forth in 42 U.S.C. § 2000e-5); *Hogans*, 372 F. App'x at 149; *Castiblanco v. Am. Airlines, Inc.*, No. 17-CV-5639, 2019 WL 4751880, at *7 (E.D.N.Y. Sept. 29, 2019). "This statutory requirement is strictly enforced, even against *pro se* litigants." *Zinnamon v. NYC Dep't of Soc. Servs.*, No. 08-CV-5266, 2010 WL 3325264, at *4 (E.D.N.Y. Aug. 18, 2010) (collecting cases).

The plaintiff filed his EEOC complaint on November 26, 2018. (ECF No. 20 at 6.) Accordingly, any claims accruing before January 30, 2018 (300 days before November 26, 2018) are time-barred. *See Castiblanco*, 2019 WL 4751880, at *7. When I dismissed the plaintiff's original complaint, I noted that his EEOC complaint alleged that the most recent incidence of discrimination took place on December 4, 2017, more than 300 days before the date on which the

3

plaintiff filed his EEOC complaint. (ECF No. 14 at 5; *see also* ECF No. 8-2 at 4.) In his amended complaint, the plaintiff claims that the alleged discrimination lasted the duration of his employment, which he says ended in December of 2017. (ECF No. 20 at 4.) Thus, any claims arising from discrimination that took place during the plaintiff's employment are time-barred.

The plaintiff's allegation that the defendants are still committing discriminatory acts against him (*see* ECF No. 20 at 5) does not save his claims. The plaintiff does not say how the defendants are continuing to discriminate against him. In his opposition, he says, "I believe if I was still working there [Radio City] would still be committing these unlawful acts against me." (ECF No. 22 at 1.) However, he does not say that any discrimination is actually occurring, or that any discriminatory acts were committed after his employment ended; in fact, he says that the discriminatory acts occurred "during almost [his] entire employment," from October to December of 2017. (ECF No. 20 at 4.) *See Foulke v. Donahoe*, No 10-CV-4061, 2011 WL 7111450, at *2 (E.D.N.Y. Dec. 20, 2011), *report and recommendation adopted sub nom. Foulke v. Potter*, 2012 WL 259929 (E.D.N.Y. Jan. 27, 2012) (dismissing the *pro se* plaintiff's amended complaint that was "little different from [the] plaintiff's initial complaint" where the plaintiff "marked a box indicating that she believes the defendant 'is still committing these acts against me'" but "provided no factual basis for [this] indication").

Equitable tolling is warranted only in "rare and exceptional circumstance[s] . . . in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003), *as amended* (July 29, 2003) (citations and quotation marks omitted). For tolling to apply, the plaintiff must show that he "diligently pursued" his rights and that "extraordinary circumstances" prevented him from filing on time. *Gindi v. N.Y.C. Dep't of Educ.*, 786 F. App'x 280, 282-83 (2d Cir. 2019) (finding that "attempts

to contact the EEOC" did not amount to "the extraordinary circumstances necessary to warrant tolling of the time within which to file an actual EEOC complaint").

The plaintiff did not allege facts that support an equitable tolling argument in his original complaint or his amended complaint, nor did he raise any tolling arguments in his opposition to the defendant's motions. He does not claim that he pursued his rights diligently but faced extraordinary circumstances. Accordingly, equitable tolling is not warranted.

The plaintiff's claims against individual defendants Mr. Little and Ms. Martin-Dee are time-barred for the same reasons. I *sua sponte* dismiss the claims against these individual defendants because the plaintiff's amended complaint does not state a timely claim against them on which relief may be granted.

In light of the plaintiff's *pro se* status, I gave him an opportunity to amend his complaint to allege facts that support a timely claim. The plaintiff's amended complaint does not include any facts that state or suggest a timely claim. In these circumstances, dismissal without leave to amend is appropriate. *See In re Liberty Tax, Inc. Sec. Litig.*, No. 20-652, 2020 WL 5807566, at *5 (2d Cir. Sept. 30, 2020) ("Although leave to amend should be freely given when justice so requires, denial is warranted when amendment would be futile. Here, nothing in the record suggests that another complaint could remedy the legal deficiencies set forth above.") (citations omitted); *Cuoco v. Moritsugu*, 222 F.3d 99 (2d Cir. 2000) (repleading would be "futile" because "better pleading [would] not cure" the problems with the *pro se* plaintiff's complaint); *Foulke*, 2011 WL 7111450, at *2 ("[P]articularly where, as here, plaintiff has been afforded an opportunity to replead along with substantial guidance from the district court as to nature of such an amendment, and the plaintiff fails to provide any facts which arise to a cognizable claim, dismissal is appropriate."); *Foster v. (D.O.E.) Theatre Arts Prod. Co. Sch.*, No. 12-CV-3661,

5

2014 WL 265787, at *4 (S.D.N.Y. Jan. 24, 2014) (The plaintiff's ADA "claims for failure to accommodate were untimely and must be dismissed. Because this defect cannot be remedied, these claims are dismissed with prejudice.").

## CONCLUSION

For the reasons stated above, I grant Radio City's motion to dismiss the claims against it, and I dismiss all claims asserted against individual defendants Mr. Wayne Little and Ms. Martin-Dee. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

                                                                         s/Ann M. Donnelly
                                                                        ANN M. DONNELLY
                                                                        United States District Judge

Dated: Brooklyn, New York
        November 30, 2020